[Cite as *State v. Campbell*, 2024-Ohio-5161.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

JEFFERY P. CAMPBELL,

        Defendant-Appellant.

**CASE NO. 2024-P-0060**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2023 CR 00515

---

**M E M O R A N D U M**
**O P I N I O N**

Decided: October 28, 2024
Judgment: Appeal dismissed

---

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Jeffery P. Campbell*, pro se, PID# A803-190, Belmont Correctional Institution, 68518 Bannock Road, P.O. Box 540, St. Clairsville, OH 43950 (Appellant-Defendant).

MATT LYNCH, J.

{¶1} On September 24, 2024, appellant, Jeffrey P. Campbell, filed a pro se notice of appeal, motion for leave to file a delayed appeal pursuant to App.R. 5(A), and an affidavit. On October 7, 2024, appellee, the State of Ohio, filed a response in opposition to appellant's motion for leave.

{¶2} Appellant seeks to appeal from the trial court's August 9, 2023 judgment of conviction and sentence. A timely notice of appeal from the trial court's August 9, 2023

entry was due no later than September 8, 2023, which was not a holiday or weekend. The appeal is untimely by more than one year.

{¶3} "[A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." App.R. 4(A)(1).

{¶4} App.R. 5(A)(1) states:

{¶5} "After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶6} "(a) Criminal proceedings . . ."

{¶7} App.R. 5(A)(2) further provides that "[a] motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right."

{¶8} In his motion for leave, as the reason for failing to file a timely appeal, appellant indicates that he was not made aware of his appellate rights. He further states in his affidavit, that he was not made aware of his appellate rights "in a timely manner."

{¶9} In its opposition, appellee argues that appellant's reason is not supported by the record and references the August 10, 2023 "Written Plea of Guilty," which includes a section regarding appellate rights. We agree.

{¶10} The relevant portions of the plea include an acknowledgement that appellant understood that he did not lose all of his rights to appeal by entering a plea of guilty, and that any appeal in a criminal case must be filed within 30 days after sentencing. Further, appellant acknowledged that the plea was either read by or read to him. The

2

plea was also signed by appellant in open court on August 4, 2023, five days prior to sentencing.

{¶11} Pursuant to the "Written Plea of Guilty," appellant was advised of his appellate rights. Therefore, we find that appellant has failed to set forth a valid reason for filing the appeal more than one year after he was sentenced and well beyond the 30-day time period prescribed in App.R. 4(A)(1).

{¶12} Accordingly, appellant's motion for leave to file a delayed appeal is overruled, and the appeal is hereby dismissed.

EUGENE A. LUCCI, P.J.,

ROBERT J. PATTON, J.,

concur.

3